216 Cal.App.2d 563 (1963)
Estate of EDWARD B. GROSS, Deceased. NANCY GROSS HAYWARD, Petitioner and Appellant,
v.
BANK OF AMERICA, as Trustee, etc., et al., Objectors and Respondents.
Civ. No. 20887. 
California Court of Appeals. First Dist., Div. Three. 
May 23, 1963.
 Beilenson, Meyer, Rosenfeld & Susman and Peter R. Cohen for Petitioner and Appellant. *565
 Thompson & Thompson, Rankin, Oneal, Luckhardt & Center and C. E. Luckhardt for Objectors and Respondents.
 SALSMAN, J.
 The appellant is an income beneficiary of a trust established by the will of Edward B. Gross, and appeals from an order denying her petition to require the trustees to sell certain trust property claimed by appellant to be unproductive of income.
 By his will, Edward B. Gross devised the residue of his estate to trustees who are respondents here. After providing for the payment of $200 per month to his sister, the remainder of the income of the trust is given 4- 10ths to the trustor's widow, Christine P. Gross, 3-10ths to a daughter, Theodora Gross Anderson, and 3-10ths to the trustor's other daughter Nancy Gross Hayward, the appellant. The corpus of the trust is substantial, and consists of personal property and numerous parcels of real estate. One of the assets of the trust estate, and the one which gives rise to the present dispute, is a ranch known as the Santa Theresa Rancho, consisting of approximately 758 acres and located a few miles south of the City of San Jose, on U.S. Highway 101. This parcel of property was appraised in July 1954 in the estate proceeding and its value was fixed at $365,907. Various parcels of this property are rented to tenants for uses appropriate to the character of the land, and at the time of distribution of the ranch to the trustees it produced a reasonable income based upon its then appraised value. Since distribution the property has enjoyed a large increase in value, and at the time of hearing on appellant's petition the total value of the ranch was stated to be in excess of $2,500,000. Although the income from the ranch has increased, the increase in income has not kept pace with the increase in value, and current income amounts to about 1 1/2 per cent of the present estimated value of the property.
 In the ninth paragraph of his will, incorporated into the decree of distribution, the trustor gave his trustees "full power and authority to hold and retain any and all property coming into their possession." The appellant contends the trustees do not have absolute discretion to retain the ranch property, and that since it is unproductive of income equivalent to the average rate of return on trust funds generally the trustees are under a duty to sell it and reinvest the proceeds in such manner as to do equal justice between income beneficiaries and remaindermen. The trial court determined *566 that the trustor, by use of the language "full power and authority to hold and retain" trust property, had vested absolute discretion in his trustees; that the trustees were acting in accord with the intention of the trustor, and denied appellant any relief.
 We have concluded that the trustor has not vested absolute discretion in his trustees to retain the ranch property in the trust, but that the order appealed from must nevertheless be affirmed because no abuse of discretion is shown by the evidence before the trial court.
 [1] It is elementary that in determining the extent of discretion conferred upon the trustees by the trustor we must look to the instrument creating the trust and resolve the question from that instrument alone. (Estate of Spreckels, 162 Cal. 559, 567 [123 P. 371]; Estate of Hoytema, 180 Cal. 430, 432 [181 P. 645]; Security First Nat. Bank v. Wellslager, 88 Cal.App.2d 210, 218 [198 P.2d 700].) [2] Since the question must be resolved without the aid of extrinsic evidence we are not bound by the construction placed upon the trust instrument by the trial court, but are required to make our own determination in accordance with applicable principles of law. (Estate of Platt, 21 Cal.2d 343, 352 [131 P.2d 825]; Estate of Jones, 130 Cal.App.2d 196, 201, 202 [278 P.2d 701].)
 [3a] Section 2269 of the Civil Code provides: "A discretionary power conferred upon a trustee is presumed not to be left to his arbitrary discretion, but may be controlled by the proper court if not reasonably exercised, unless an absolute discretion is clearly conferred by the declaration of trust." This presumption must be kept in mind in our review of the trust instrument here in question and in our quest for the meaning of the language used by the trustor.
 In paragraph Sixth (6) of the trustor's will, as incorporated in the decree of distribution, the trustees are given the power "in their discretion" to use the corpus of the trust for the benefit of the beneficiaries in the event of sickness or emergency, and in paragraph Sixth (8) the trustees, in making distribution, are authorized "in their discretion" to determine values and to distribute in cash or in kind. In this portion of the instrument there can be no doubt that ordinary discretion only has been conferred upon the trustees. However, in the seventh paragraph of the trustor's will it is equally clear that he has conferred absolute discretion upon his trustees, for they are there given the right to determine in their "uncontrolled judgment" whether a beneficiary is *567 mentally or physically incompetent, and if so determined, to expend payments due him in his behalf. In the same paragraph also, the trustor confers "sole discretion" upon his trustees in making payments to any minor beneficiary, or to the parent, natural guardian or appointed guardian of such minor. Again, in paragraph Twelfth of his will, the trustor conferred "sole" discretion upon his trustees to terminate payments due to a beneficiary whose interests in the trust may be under attack by creditors. [4] Sole discretion is the equivalent of absolute, unlimited or uncontrolled discretion, and simply indicates that the judgment of the trustees, exercised in good faith, shall control. [3b] It seems apparent, therefore, that in some instances the trustor intended to confer upon his trustees ordinary discretion only, and in other instances he intended their discretion to be absolute.
 The trustor defined the administrative powers of the trustees in the ninth paragraph of his will. The trustees are there given "full power and authority to hold and retain ... property coming into their possession," followed by a detailed specification of powers relating to management of real and personal property of the trust, including the power to deal with the trust property on such terms and conditions as the trustees "in their discretion" may deem advisable. The trustor does not here vest "sole discretion" in his trustees, as he did in other portions of the trust instrument. The introductory phrase "full power and authority" appears to be used for the purpose of assuring the trustees of all power necessary in the management of the trust property in the interest of the beneficiaries, and does not appear to be used for the purpose of expanding ordinary discretion into absolute, unlimited or uncontrolled discretion. In earlier portions of his will the trustor demonstrated his awareness of the varying degrees of discretion which might be conferred upon his trustees and we think had he intended to confer absolute and uncontrolled discretion upon his trustees to retain property in the trust he would have said so in plain and unambiguous language. Thus, in the absence of a clear and unequivocal manifestation on the part of the trustor to confer absolute discretion on his trustees it must be held, in accordance with the presumption described in Civil Code section 2269, that the trustees here do not possess absolute and uncontrolled discretion to retain the Santa Theresa Rancho as a part of the trust property.
 [5a] Although the trustees do not here possess absolute *568 and uncontrolled discretion to retain the Santa Theresa Rancho in the trust, it does not follow that the ranch must now be sold. The trustor has conferred ordinary discretion upon his trustees and we do not understand appellant to contest this fact. [6] The exercise of such discretionary power by the trustees is subject to control by the court if not reasonably exercised. (Civ. Code, 2269.) In exercising such control, however, the court will not substitute its own judgment for that of the trustee or interfere with the exercise of such power except upon a showing of an abuse of discretion. (Estate of Marre, 18 Cal.2d 184, 190 [114 P.2d 586]; Rest.2d Trusts, 187; 49 Cal.Jur.2d, Trusts, 308.) [5b] Neither fraud nor bad faith are involved in this proceeding and hence the only possible ground of attack upon the conduct of the trustees is that, under circumstances here present, it is unfair to the income beneficiaries, and an abuse of discretion to retain the Santa Theresa Rancho in the trust. This contention is completely refuted by the evidence in the record before us. The ranch was distributed to the trustees in 1956. It was appraised in the probate proceedings at $365,907. At that time it produced a fair return on its appraised value. By careful management the trustees have increased the income so that at time of trial it amounted to over 16 per cent when calculated on the appraised value of the property in probate. In their judgment, the trustees believe it to be in the best interests of all beneficiaries to retain the ranch property in the trust. The wisdom of this choice is reflected in the great increase in value of the ranch and the virtual certainty of ultimate gain for all those interested in the trust. The testimony of Warren Holmes, the individual trustee, makes it evident that the time has not yet come to sell, for he told the court of definite plans for a new freeway and a main cross-county highway in the immediate vicinity of the ranch, which together with other developments, project an even greater increase in property values than has heretofore taken place. It was apparent to the trial court, as it is to us, that the trustees have not abused their discretion in retaining the Santa Theresa Rancho but, on the contrary, have exercised commendable judgment in not selling for what the trial court called "immediate gain but ultimate loss."
 [7] It may be conceded, as appellant contends, that as a general rule a trustee is under a duty to income beneficiaries to sell unproductive property. (See Rest., Trusts, 240.) This rule is not inflexible, however. [5c] It would *569 appear here that in retaining the Santa Theresa Rancho the trustees are acting in accord with the intention of the trustor. In its memorandum decision the trial court stated: "A review of the probate file would indicate that Mr. Gross, if he were alive, would certainly keep the Ranch intact." The probate file is not before us, but the decree of distribution is, and it is apparent from the many parcels of real estate described in it that the trustor was an investor in real estate. The character of the Santa Theresa Rancho as an investment for future appreciation rather than as a farm is disclosed by its strategic location at the edge and in the path of a rapidly expanding city in an area of high growth, adjacent to both rail and highway transportation. The trustees could have sold the ranch immediately upon its distribution to them, but in their judgment retained it, and thereby enriched the trust by some two million dollars. While present income is low when measured by the increased value of the property, it nevertheless appears to us, as it did to the trial court, that the trustees are acting in accord with the intention of the trustor, and no reason is shown to cause the court to set aside their judgment. (Estate of Greenleaf, 101 Cal.App.2d 658, 662 [225 P.2d 945].)
 Order affirmed.
 Draper, P. J., and Devine, J., concurred.