[Civ. No. 69523. Second Dist., Div. One. Dec. 28, 1983.]

Estate of ANSEL GLENN HOIBY, Deceased.
KENNETH CORY, as State Controller, Petitioner and Respondent, v.
GLENN W. HOIBY, Objector and Appellant.

**COUNSEL**

Glenn W. Hoiby, in pro. per., for Objector and Appellant.

Myron Siedorf, Margaret Groscup, Alvy P. Moore and John H. Van Veen for Petitioner and Respondent.

**OPINION**

**LILLIE, Acting P. J.**—Glenn Hoiby appeals from an order overruling his objections to the report of the inheritance tax referee and assessing an inheritance tax of $13,782 against him and each of two other remainder beneficiaries of an inter vivos trust.[1]

---

[1]The order is appealable. (Code Civ. Proc., § 904.1, subd. (k); Prob. Code, § 1240, subd. (r); *Estate of Friedman* (1979) 94 Cal.App.3d 667, 669 [156 Cal.Rptr. 597].)

On July 15, 1982, Glenn Hoiby filed a verified petition for determination of inheritance tax arising by reason of the death of Ansel Hoiby. The petition alleged: On November 9, 1977, Ansel Hoiby and his wife, Cora Hoiby, executed a revocable trust agreement. The trust estate of $1,411,127.88 is composed entirely of community property of the trustors. The trust agreement provides that upon the death of either trustor, survived by the other trustor, the trust estate shall be divided into two shares, designated "Trust A" and "Trust B." Trust A consists of the surviving trustor's one-half community property interest; Trust B consists of the balance of the trust estate. Regarding the distribution of income and principal of Trust B the agreement provides that the entire net income is to be paid to the surviving trustor during his or her lifetime; the surviving trustor has the right to receive such amounts from the principal as he or she may designate in any one calendar year up to but not exceeding the larger of $5,000 or 5 percent of the aggregate value of the assets of the trust estate; the trustee may pay to or apply for the benefit of the surviving trustor such sums from the principal as the trustee "in the trustee's discretion deems necessary for the trustor's proper support, health, and maintenance"; upon the death of the surviving trustor the trustee may, in trustee's discretion, pay out of the principal the expenses of the surviving trustor's last illness and funeral, costs of probate, debts of said trustor, and estate and inheritance taxes arising by reason of surviving trustor's death; the trustee shall distribute the balance of Trust B to Glenn Hoiby, Carol Hoiby Dolle and Randall Hoiby, the children of the trustors, share and share alike; if any of said children fails to survive distribution, his or her share shall be distributed to his or her issue by right of representation. Ansel Hoiby died on August 9, 1981. On May 6, 1982, Cora Hoiby filed with trustee Glenn Hoiby a timely and irrevocable disclaimer. Under the terms of said disclaimer Cora Hoiby disclaimed her right to the net income of Trust B and the "five or five" power; she did not disclaim whatever benefits she might receive from the trustee's invasion of principal for her support, health and maintenance, nor did she disclaim the benefits which might accrue to her estate at the time of her death from the trustee's exercise of discretionary authority to pay the enumerated expenses, costs, debts and taxes. Cora Hoiby and the three children of the trustors presently are living.

The report of the inheritance tax referee fixed the clear market value of the trust property at $1,376,402 and determined that said property passed to the following persons, the clear market value of whose respective interests at the time of decedent's death are as follows: Cora Hoiby, $727,451; Glenn Hoiby (one-third of remainder) $216,317; Carol Hoiby Dolle (one-third remainder), $216,317; Randall Hoiby (one-third remainder), $216,317. The report further determined that the interest of each of the three remainder beneficiaries is subject to an inheritance or transfer tax of

$13,782, a total tax of $41,346.[2] Glenn Hoiby objected to the report arguing that under the terms of the trust agreement the three children of the trustors acquired a future interest in the Trust B property; accordingly, the referee improperly determined that each child has a present interest of 100 percent of his one-third share of the property, and should have fixed the value of such interests pursuant to Revenue and Taxation Code former section 13953[3] which governs the valuation of future interests. The trial court made an order overruling the objections to the report of the inheritance tax referee, and assessing a tax of $13,782 against each of the remainder beneficiaries. This appeal followed.

Revenue and Taxation Code section 13952 provides in pertinent part: "In the case of a transfer of any estate, income, or interest . . . constituting a remainder, reversion, or other expectancy, the entire property by which the estate, income, or interest is supported, or of which it is a part, is valued as of the date of the decedent's death." Section 13953 provides: "The value of a future, contingent, or limited estate, income, or interest is determined in accordance with the standards of mortality and value set forth in the United States life tables: 1959-1961, published by the United States Department of Health, Education and Welfare, Public Health Service, and the rate of interest used in computing the present value of the estate, income, or interest is 6 percent per annum compounded annually." ▮ Determined in accordance with this statute, the value of the respective interests of the three children/remainder beneficiaries is considerably less than that fixed in the referee's report upon which the inheritance tax was computed.[4] The applicability of section 13953 turns upon whether the interests of the three children in the trust property are future interests. ▮ Unlike a present interest, which entitles the owner to the immediate possession of the property (Civ. Code, § 689), "[a] future interest entitles the owner to the possession of the property only at a future period." (*Id.*, § 690.) ▮ By the terms of the trust instrument, the three children of the trustors will receive no portion of either the income or the principal of Trust B until after the death of the life tenant, Cora Hoiby. Accordingly, the respective

[2]The report determined that Cora Hoiby's interest, being community property, is exempt from taxation.

[3]Part 8, inheritance tax (§§ 13301-14902), of division 2 of the Revenue and Taxation Code was repealed by initiative adopted June 8, 1982 (and see Stats. 1982, ch. 1535, § 14). Inasmuch as the inheritance tax statutes retain their vitality for purposes of this appeal, we henceforth will omit the word "former" in referring to them.

[4]At the date of decedent's death, Cora Hoiby was 72 years old. The table referred to in section 13953 shows that the present value or worth, at 6 percent, of a remainder interest following the life estate of a female 72 years of age at the date of the transferor's death is .55912 of the value of the property upon which the estate is based. (Cal. Admin. Code, tit. 18 § 13953.) Applying that formula in the instant case, the present value of the interest of each remainder beneficiary is $216,317 x .55912, or $120,947.16.

interests of the children in the trust property are future interests the value of which must be determined pursuant to section 13953.

Respondent argues, as he did in the trial court, that the three children of the trustors have a present interest in the trust property because Cora Hoiby, by disclaiming her right to receive the income from Trust B during her lifetime and her right to exercise the "five or five" power of appointment, already has died in contemplation of law and the trust property therefore "is immediately distributed." In support of this contention respondent cites Probate Code section 190.6, which reads: "Unless otherwise provided in the will, inter vivos trust, exercise of the power of appointment, or other written instrument creating or finally determining an interest, the interest disclaimed and any future interest which is to take effect in possession or enjoyment at or after the termination of the interest disclaimed, shall descend, go, be distributed or continue to be held as if the beneficiary disclaiming had predeceased the person creating the interest. In every case, the disclaimer shall relate back for all purposes to the date of the creation of the interest." Under this provision the trust income may be deemed to have been distributed to the children by virtue of the disclaimer, but the same is not true of the principal. The life beneficiary's disclaimer of the "five or five" power does not constitute a total renunciation of her rights in the principal (as shown by the trustee's power to invade principal), nor does it operate to terminate the trust. In short, the fictional distribution of income to the remainder beneficiaries under section 190.6 does not support the conclusion that the totality of their respective rights in the entire trust property (principal and income) was converted from a future interest to a present interest by the life beneficiary's limited disclaimer. ■ Future interests of remaindermen who are to take trust property on the death of the life beneficiary cannot be accelerated by any event other than the death of the life beneficiary. (Civ. Code, § 780; *Estate of Lefranc* (1952) 38 Cal.2d 289, 297 [239 P.2d 617].) Further, respondent ignores Revenue and Taxation Code section 13409[5] which provides that inheritance tax shall apply to disclaimed interests only upon transfer to the ultimate recipient. (*Review of Selected 1972 California Legislation* (1973) 4 Pacific L.J. 247.) Respondent does not contend, nor does the record show, that any of the disclaimed

---

[5]Section 13409: "Transfers of any interest in real or personal property and all rights and powers relating to the same which have been duly disclaimed pursuant to the provisions of Chapter 11 (commencing with Section 190) of Division 1 of the Probate Code or in any other valid manner, shall be subject to the inheritance tax only if, and to the same extent and in the same manner as, the same would have been subject to such tax if such interest, rights and powers had been originally created in favor of and transferred to the same persons and in the same shares in which they are effectively distributed or otherwise disposed of, after giving full effect to such disclaimers pursuant to the governing instrument, if any, and Chapter 11 (commencing with Section 190) of Division 1 of the Probate Code and all other applicable law."

income actually was distributed to remainder beneficiaries as a result of the disclaimer.

 Respondent further argues that even if Cora Hoiby's disclaimer did not operate to terminate the trust as of the date of decedent's death, the tax was properly determined pursuant to Revenue and Taxation Code section 13411, which provides in pertinent part: "(a) In the case of a transfer made subject to a contingency or condition upon the occurrence of which the right, interest, or estate of the transferee may, in whole or in part, be created, defeated, extended, or abridged, the tax is computed as though the contingency or condition has occurred in such manner as to produce the highest rate of tax possible." Section 13411 means only that the referee, in computing the tax, was entitled to assume that all of the children/remainder beneficiaries will outlive the surviving trustor/life beneficiary, and that when they come into possession of the trust estate it will not have been depleted by exercise of the powers which the trustee retains. The value of the future interests of the remainder beneficiaries, whether vested or contingent, must be determined pursuant to Revenue and Taxation Code section 13953.

The order is reversed and the trial court is directed to fix the inheritance tax in accord with the views expressed herein.

Dalsimer, J., and Gutierrez, J.,* concurred.

Respondent's petition for a hearing by the Supreme Court was denied February 22, 1984.

*Assigned by the Chairperson of the Judicial Council.